UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, et al., | § | |
| | § | CIVIL ACTION NO. 3:15-CV-00162 |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | |
| | § | |
| U.S. ENVIRONMENTAL PROTECTION | § | |
| AGENCY, et al., | § | |
| | § | |
| *Defendants.* | § | |

**FEDERAL DEFENDANTS' OPPOSITION TO PLANTIFFS' MOTION FOR
PARTIAL LIFT OF STAY AND MOTION FOR EXPEDITED TREATMENT**

Defendants, the U.S. Environmental Protection Agency; Gina McCarthy; U.S.

Army Corps of Engineers; and Jo-Ellen Darcy (collectively, "Federal Defendants"),

hereby oppose the Motion for Partial Lift of Stay and Motion for Expedited Treatment

(Dkt. No. 16) filed by Plaintiffs the State of Texas, the Texas Department of Agriculture,

Texas Commission on Environmental Quality, Texas Department of Transportation,

Texas General Land Office, Railroad Commission of Texas, and Texas Water

Development Board, the State of Louisiana, and the State of Mississippi ("Plaintiff

States").  The Court should deny the motion because (1) the Plaintiff States filed no

written opposition to Federal Defendants' motion for a stay when it was filed, nearly two

months ago, and (2) the reasons for a stay apply with even more force now, given that the

Judicial Panel on Multidistrict Litigation ("MDL Panel") will hold a hearing on October

1, 2015, on Federal Defendants' motion to consolidate this case with others challenging

the same agency action, and will likely render a decision shortly thereafter.

## I.     Background

1.      This case is one of 14 actions that have been filed by nearly 90 named plaintiffs in multiple district courts across the country seeking review of a final rule promulgated by EPA and the Army, known as the "Clean Water Rule" and published at 80 Fed. Reg. 37,054 (June 29, 2015).[1]  In addition, nearly 90 parties, including Plaintiff States and most of the plaintiffs in the district court actions, filed 15 petitions for review of the Clean Water Rule in eight courts of appeals, which petitions have been consolidated in the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2112(a).[2]

2.      Plaintiff States filed their initial complaint in this case on June 29, 2015, the same day the Clean Water Rule was published in the Federal Register.

3.      On July 21, 2015, Federal Defendants moved this Court for a stay of proceedings pending a decision by the MDL Panel on Federal Defendants' then-

---

[1] *North Dakota v. EPA*, No. 3:15-cv-59 (D. N.D.), filed June 29, 2015; *Ohio v. United States Army Corps of Eng'rs*, No. 2:15-cv-2467 (S.D. Oh.), filed June 29, 2015; *Georgia v. EPA*, No. 2:15-cv-79 (S.D. Ga.), filed June 30, 2015, and Amended Complaint filed on July 20, 2015; *Murray Energy Corp. v. EPA*, No. 1:15-cv-110 (N.D. W.Va.), filed June 29, 2015 and dismissed on August 27, 2015; *American Farm Bureau Fed'n v. EPA*, No. 3:15-cv-165 (S.D. Tex), filed July 2, 2015; *Oklahoma v. EPA*, No. 4:15-cv-381 (N.D. Ok.), filed July 8, 2015; *Chamber of Commerce v. EPA*, No. 4:15-cv-386 (N.D. Ok.), filed July 10, 2015; *Se. Legal Found. v. EPA*, No. 1:15-cv-2488 (N.D. Ga.), filed July 13, 2015; *Washington Cattlemen's Ass'n v. EPA*, No. 0:15-cv-3058 (D. Minn.), filed July 15, 2015; *NRDC v. EPA*, No. 1:15-cv-01324 (D.D.C.), filed August 14, 2015; *Puget Soundkeeper Alliance v. EPA*, No. 2:15-cv-01342 (W.D. Wash.), filed August 20, 2015; *Waterkeeper Alliance v. EPA*, 3:15-cv-3927 (N.D. Cal.), filed August 27, 2015; *Arizona Mining Ass'n v. EPA*, 2:15-cv-1752 (D. Az.), filed Sept. 1, 2015.

[2] *In re Final Rule: Clean Water Rule: Definition of "Waters of the United States,"* MCP No. 135 (J.P.M.L.), Dkt. No. 3; *Murray Energy Corp. v. EPA*, No. 15-3751 (lead case) (6th Cir.).

anticipated motion under 28 U.S.C. § 1407 to consolidate the numerous district court challenges to the Clean Water Rule in a single district court. Dkt. No. 13.

4. Plaintiff States filed no written opposition to Federal Defendants' motion to stay proceedings in this case.

5. On July 27, 2015, Federal Defendants filed their consolidation motion with the MDL Panel. A hearing on Federal Defendants' motion is set for October 1, 2015.

6. On August 14, 2015, this Court granted Federal Defendants' motion for a stay and ordered that this action be stayed pending a ruling from the MDL Panel. Dkt. No. 15.

7. Federal Defendants have filed stay motions in each of the currently pending district court cases challenging the Clean Water Rule, with courts granting Federal Defendants' motion in 11 cases.[3] Only one court has denied a stay, although Federal Defendants recently filed a renewed motion for a stay in that court.[4]

8. On September 8, 2015, Plaintiff States filed the instant motion, seeking to lift the stay for the limited purpose of having the Court consider, on an expedited basis,

---

[3] *Ohio v. EPA*, No. 2:15-cv-2467 (S.D. Ohio), Dkt. No. 27; *Texas v. EPA*, No. 3:15-cv-162 (S.D. Tex.) Dkt. No. 15; *Am. Farm Bureau v. EPA*, No. 3:15-cv-165 (S.D. Tex.), Dkt. No. 22; *Okla. v. EPA*, No. 4:15-cv-381 (N.D. Okla.) Dkt. No. 22; *Chamber of Commerce v. EPA*, No. 4:15-cv-386 (N.D. Okla.), Dkt. No. 32; *Se. Legal Found., Inc. v. EPA*, 1:15-cv-2488 (N.D. Ga.), Dkt. No. 5; *Wash. Cattlemen's Ass'n v. EPA*, No. 1:15-cv-3058 (D. Minn.), Dkt. No. 14; *Waterkeeper Alliance, Inc. v. EPA*, No. 3:15-cv-3927 (N.D. Cal.), Dkt. No. 9; *Puget Soundkeeper v. McCarthy*, No. 2:15-cv-1342 (W.D. Wash.), Dkt. No. 14; *NRDC v. EPA*, No. 1:15-cv-1324 (D.D.C.), Dkt. No. 8; *Az. Mining Ass'n v. EPA*, No. 2:15-cv-1752 (D. Az.), Dkt. No. 15. Defendants' motions to stay in *Murray Energy Corp. v. EPA*, No. 1:15-cv-110 (N. D. W.Va.), and *Georgia v. McCarthy*, No. 2:15-cv-0079 (S.D. Ga.), were rendered moot in light of those courts' holdings that they lack jurisdiction to hear a challenge to the Clean Water Rule.

[4] *North Dakota v. EPA*, No. 3:15-cv-0059 (D. N.D.), Dkt. No. 81.

their motion for a preliminary injunction of the Clean Water Rule—which went into effect in all but 13 states on August 28, 2015.[5]

9.      On September 10, 2015, Plaintiff States, along with 15 other States, filed a motion to stay the Clean Water Rule in the Sixth Circuit.  *See Texas v. EPA*, No. 15-3853 (6th Cir.), Dkt. No. 16.  At the same time, Plaintiff States, along with 15 other States, filed a motion to dismiss their petition in the Sixth Circuit for lack of jurisdiction.  *See id.*, No. 15-3853, Dkt. No. 15.

## II.      The Court Should Deny Plaintiff States' Motion to Lift the Stay

10.      The Court should deny Plaintiff States' request to lift the stay of proceedings because they failed to oppose Federal Defendants' motion to stay proceedings and because the reasons for the stay apply with even more force now than when the motion was filed.

11.      Under the local rules, Plaintiff States had 21 days, until August 11, 2015, to file an opposition to Federal Defendants' motion to stay pending a ruling from the MDL Panel.  Plaintiff States failed to submit a response to Federal Defendants' motion, with full knowledge of the effective date of the Clean Water Rule.  Under Local Rule 7.4, a party's failure to respond shall be taken as a representation of no opposition.  Having intentionally relinquished their right to oppose the stay or seek preliminary relief at any

---

[5] *North Dakota v. EPA*, No. 3:15cv-0059 (D. N.D.), Dkt. No. 70 (Order of Aug. 27, 2015), Dkt. No. 79 (Order of Sept. 4, 2015).

time before the stay was entered, Plaintiff States cannot now claim to be harmed by a stay that is of limited duration.

12.     A month has passed since this Court granted Federal Defendants' motion to stay proceedings and even more reason exists for the stay now.  The MDL Panel has scheduled a hearing on Federal Defendants' motion to consolidate on October 1, 2015, which is only a few weeks away.  Federal Defendants reasonably expect the MDL Panel to issue a ruling quickly thereafter.  According to the former Chair of the MDL Panel, the Panel "prepares extensively for oral argument and usually reaches a decision on each case during its conference immediately afterwards." John G. Heyburn II, "A View from the Panel: Part of the Solution," 82 Tul. L. Rev. 2225, 2242 (2008).

13.     Plaintiff States are not harmed by continuation of the stay in this Court because they have pending before the Sixth Circuit a motion to stay the effectiveness of the Clean Water Rule.  Federal Defendants do not contest jurisdiction in the Sixth Circuit.

14.     Plaintiff States cannot claim that the North Dakota court's decision limiting its preliminary injunction to the parties in that case forced them into a "piecemeal approach" to seeking preliminary relief.  *See* Dkt. No. 16 at 4.  It was their strategic choice to file a separate challenge to the Clean Water Rule and it was unreasonable for them to assume that they would obtain relief from an action to which they were not a party.  Plaintiff States' newfound dissatisfaction with the "piecemeal approach" is particularly disingenuous given that they have opposed Federal Defendants' motion before the MDL panel to consolidate this action with others challenging the Clean Water Rule.  *See In re Final Action, Clean Water Rule: Definition of Waters of the United*

*States*, MDL No. 2663, Case TXS/315-cv-00162, Dkt. No. 15, at 10-11 (J.P.M.L. Aug. 19, 2015) (arguing against having only one judge decide the Clean Water Rule challenges).

15.    For all of these reasons, the Court should deny Plaintiff States' motion to lift the stay.  However, if the court were to grant Plaintiff States' request to partially lift the stay to allow briefing on Plaintiff States' motion for preliminary injunction, it should deny Plaintiffs' request to expedite briefing of that motion.  Plaintiff States had ample opportunity to seek preliminary relief before the Clean Water Rule's effective date, but waited more than two months after filing their complaint to seek preliminary relief.  Their own delay in seeking such relief does not provide a basis for expedition.

Dated: September 15, 2015

Respectfully submitted,

JOHN C. CRUDEN
Assistant Attorney General

*/s/ Andrew J. Doyle*
Andrew J. Doyle, Attorney in Charge
United States Department of Justice
Environment and Natural Resources
Division
P.O. Box 7611
Washington, DC 20044
T: (202) 514-4427
F:  (202) 514-8865
andrew.doyle@usdoj.gov

*Counsel for the Federal Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of September, 2015, I electronically filed the foregoing Federal Defendants' Opposition to Plaintiffs' Motion for Partial Lift of Stay and Motion for Expedited Treatment with the Clerk of the Court using the CM/ECF system, which will cause a copy to be served upon counsel of record.

By:  */s/ Andrew J. Doyle*
Andrew J. Doyle, Attorney in Charge
United States Department of Justice
Environment and Natural Resources
Division
P.O. Box 7611
Washington, DC 20044
T: (202) 514-4427
andrew.doyle@usdoj.gov