**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| STATE OF TEXAS, *et al*,<br>Plaintiffs,<br>v.<br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al*,<br>Defendants. | No. 3:15-cv-162 |

**STATES' MOTION FOR A NATIONWIDE PRELIMINARY INJUNCTION ENJOINING THE EFFECTIVENESS, IMPLEMENTATION, AND ENFORCEMENT OF THE 2015 WOTUS RULE**

**and**

**RESPONSE TO AGENCIES' AND INTERVENORS' MOTIONS TO HAVE THIS COURT DELAY CONSIDERATION OF THE PRELIMINARY INJUNCTION**

Pursuant to Federal Rule of Civil Procedure 65 and Southern District of Texas Local Rule 7, Plaintiffs the State of Texas and six of its agencies, along with the States of Louisiana and Mississippi (collectively, "States"), move for a Preliminary Injunction, effective nationwide, enjoining the effectiveness, implementation, and enforcement of the final rule titled "Clean Water Rule: Definition of 'Waters of the United States,'" 80 Fed. Reg. 37,054 (June 29, 2015) ("WOTUS Rule" or "Rule"), jointly promulgated by the U.S. Environmental Protection Agency ("EPA") and the U.S. Army Corps of Engineers ("Corps") (collectively, "Agencies"). The States ask the Court for prompt issuance of an injunction since the stay of the rule granted by the United States Court of Appeals for the Sixth Circuit will soon be dissolved on jurisdictional grounds.

# TABLE OF CONTENTS

INTRODUCTION .......... 1

TABLE OF CONTENTS .......... 2

NATURE AND STAGE OF PROCEEDING .......... 3

STATEMENT OF ISSUES TO BE RULED UPON .......... 6

SUMMARY OF THE ARGUMENT .......... 6

ARGUMENT .......... 6

1. Now that the Supreme Court has held that this Court has jurisdiction, that jurisdiction should be exercised quickly. .......... 6

2. The Sixth Circuit was wrong about its jurisdiction, but right about the need for a nationwide stay of the Rule. This Court should concur and exercise its own jurisdiction to order a preliminary injunction. .......... 7

   a. The Sixth Circuit granted a stay based on its analysis of the same traditional four-pronged test that is applicable here. .......... 7

   b. Just as when plaintiffs presented their case to the Sixth Circuit, the four factors for injunctive relief are met here .......... 9

3. It is appropriate for this Court to issue an injunction of nationwide scope .......... 10

4. New rule-making begun since the Sixth Circuit issued its stay does not change the need for a stay from this Court. The States continue to be at risk of harm. .......... 11

CONCLUSION .......... 13

CERTIFICATE OF CONFERENCE .......... 16

CERTIFICATE OF SERVICE .......... 16

## NATURE AND STAGE OF THE PROCEEDING

On June 29, 2015, the Agencies published the Rule purporting to "clarify" the definition of "waters of the United States" within the meaning of the Clean Water Act ("CWA")—that is, the scope of the Agencies' regulatory jurisdiction under the CWA. On June 29, 2015, Plaintiffs filed a complaint in this Court, alleging that the Defendants' promulgation of the Rule violated the Administrative Procedure Act; exceeded their authority under Article I, Section 8 of the Constitution; and offended the Due Process Clause of the Fifth Amendment. *See generally* Dkt. 1. Plaintiffs seek a declaration that the Rule is unlawful and an injunction against its effectiveness, implementation and enforcement.

As it initially came to the Court, this case presented the threshold question of whether jurisdiction to hear this case fell to this Court or instead the courts of appeals. Section 509(b) of the CWA (33 U.S.C. § 1369(b)) establishes a special scheme of judicial review for certain agency decisions and rules promulgated under the CWA. In that section, Congress conferred original jurisdiction on the courts of appeals to review challenges to seven categories of final agency actions—including, the Agencies insisted, the Rule. At the same time, the Administrative Procedure Act provides that "[a] person adversely affected or aggrieved by agency action" may seek judicial review in district court. 5 U.S.C. §§ 702, 704. Thus, when judicial review of a final agency action under the CWA is *not* available in the courts of appeals under Section 1369(b), the APA provides a cause of action in district court under 28 U.S.C. § 1331.

Because the Agencies' insisted that review of the Rule belonged in the courts of appeals, various parties (including the plaintiffs in this case) filed protective petitions for

review under Section 1369(b). Those petitions initiated original actions in the courts of appeals that were entirely separate from the complaint in this case. More than 100 parties filed over 20 petitions across the country; all were ultimately transferred to and consolidated by the Sixth Circuit.

Shortly after the petitions were consolidated, several petitioners moved for, and the Sixth Circuit granted, a nationwide stay of the Rule pending the court's consideration of the merits. *See In re EPA & Dep't of Def. Final Rule*, 803 F.3d 804 (6th Cir. 2015). The court held, in particular, that "petitioners have demonstrated a substantial possibility of success on the merits of their claims," describing the Rule as "facially suspect." *Id*. at 807. Acknowledging "the burden—potentially visited nationwide on governmental bodies, state and federal, as well as private parties—and the impact on the public in general," the Court concluded that "the sheer breadth of the ripple effects caused by the Rule's definitional changes counsels strongly in favor of maintaining the status quo for the time being." *Id*. at 808.

Firmly of the view that jurisdiction belongs in *this* Court, the National Association of Manufacturers—which did not join any of the petitions for review in the court of appeals—intervened in the petitions for review and moved to dismiss each for lack of jurisdiction. While the jurisdictional issue was pending in the Sixth Circuit, the Agencies moved this Court for a stay of the proceedings to await the Sixth Circuit's decision. (Dkt. 25). The Court heard argument on that motion on December 4, 2015 (Dkt. 31), but did not formally act on it.

The Sixth Circuit subsequently denied the motions to dismiss, holding in a splintered decision that jurisdiction belongs in the court of appeals, not the district courts. *See In re Dep't of Def. & EPA Final Rule*, 817 F.3d 261 (6th Cir. 2016).

After the Sixth Circuit issued its decision on jurisdiction, the National Association of Manufacturers filed a petition for a writ of certiorari in the U.S. Supreme Court. The Supreme Court granted the petition and, on January 22, 2018, issued a decision reversing the Sixth Circuit. The Supreme Court held, in short, that "[t]he WOTUS Rule falls outside the ambit of § 1369(b)(1), and any challenges to the Rule therefore must be filed in federal district courts." *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, No. 16-299, 2018 WL 491526, at *4 (U.S. Jan. 22, 2018).

We expect the Supreme Court to issue a certified judgment returning the petitions for review to the Sixth Circuit on or before February 23, 2018. Once the case returns to the Sixth Circuit, we expect that Circuit will immediately dismiss the pending petitions for review and dissolve its nationwide stay of the Rule.

A year ago, after the Supreme Court granted certiorari, but before the decision reversing the Sixth Circuit, this Court entered an order administratively closing this case, inviting the parties to move to reopen the case under appropriate circumstances. (Dkt. 62). The States have filed a Motion to Reopen (Dkt. 67), and this Court has set a schedule for the filing of responses to the Motion to Reopen and for the filing of a Motion for Preliminary Injunction, with a hearing set for the afternoon of February 9, 2018 (Dkt. 68). The Agencies and Intervenors have requested that the Court delay the hearing. (Dkt. 72, 73, and 74).

## STATEMENT OF ISSUE TO BE RULED UPON

The issue before the Court is whether to issue a nationwide preliminary injunction enjoining the effectiveness, implementation, and enforcement of the WOTUS Rule. Preliminary injunctions, stays, and their modification are within the discretion of the district court; therefore, the standard of review is for abuse of discretion. That discretion is not unbridled, but must be exercised by conducting the traditional four-pronged injunctive analysis of (1) substantial likelihood that plaintiff will succeed on the merits, (2) substantial threat the plaintiff will suffer irreparable injury without injunctive relief, (3) the harm to plaintiff is outweighed by the harm to defendant if the injunction does issue, and (4) the injunction will not disserve the public interest. *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

## SUMMARY OF THE ARGUMENT

For two and a half years, the challenges to the Rule have been on file in both the district and the circuit courts, with the circuit cases consolidated in the Sixth Circuit. The parties' focus and judicial momentum have been in the Sixth Circuit, with a number of district courts, including this one, awaiting the outcome of the dispute over jurisdiction. The Sixth Circuit stayed the Rule and held that it had jurisdiction. The Supreme Court reversed; as a result, the Sixth Circuit's stay will soon be dissolved. Because the parties risk losing the protection they still need, this Court should move quickly to issue a preliminary injunction.

## ARGUMENT

### 1. Now that the Supreme Court has held that this Court has jurisdiction, that jurisdiction should be exercised quickly.

The Supreme Court confirmed that original jurisdiction to hear challenges to the Rule lies in the district courts and not the courts of appeals. *See Nat'l Ass'n of Mfrs. v. Dep't of Def.*, No. 16-299, 2018 WL 491526, at *4 (U.S. Jan. 22, 2018). The Court should reopen this litigation and issue an injunction, effective nationwide, enjoining the effectiveness, implementation, and enforcement of the Rule.

As noted, the Supreme Court will issue its certified judgment on or before February 23, 2018, returning the petitions for review to the Sixth Circuit, where we expect the petitions to be dismissed and the stay lifted. It is therefore essential that this Court grant this Motion for a Preliminary Injunction before that time. Without a preliminary injunction in place by February 23, 2018, plaintiffs will suffer irreparable harm when the Sixth Circuit's stay is dissolved. There will be widespread and costly confusion about the state of the law. As the Sixth Circuit explained, "the sheer breadth of the ripple effects caused by the Rule's definitional changes counsels strongly in favor of maintaining the status quo for the time being." 803 F.3d at 808.

The Sixth Circuit will be dissolving its stay for jurisdictional reasons, not because of any flaw in the basis or scope of the stay. Now that it is clear that jurisdiction lies here, this Court should issue a nationwide preliminary injunction mirroring the stay issued by the Sixth Circuit.

**2. The Sixth Circuit was wrong about its jurisdiction, but right about the need for a nationwide stay of the Rule. This Court should concur and exercise its own jurisdiction to order a preliminary injunction.**

**(a) The Sixth Circuit granted a stay based on its analysis of the same traditional four-pronged test that is applicable here.**

The need for equitable relief is determined by four factors, well known to this Court, demonstrating (1) the likelihood that plaintiff will prevail on the merits, (2) the harm to the plaintiff if the injunction does not issue, balanced against (3) the harm to the defendant if it does issue, and (4) the public interest. No one prong is more important than the others—the moving party carries the burden on each—but in any given case, one may predominate, requiring a lesser showing on the others. Both the Fifth and Sixth Circuits use a sliding scale analysis. *Compare Knights of the Ku Klux Klan, Realm of Louisiana v. E. Baton Rouge Parish Sch. Bd.*, 578 F.2d 1122, 1125 (5th Cir. 1978) ("Where one or more of the factors is very strongly established, this will ordinarily be seen as compensating for a weaker showing as to another or others."), *with Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) ("Simply stated, more of one excuses less of the other.").

The four factors were extensively briefed by the parties, including those before this Court, in the Sixth Circuit. *See* Appendix at Tabs A-D, the Sixth Circuit briefing of petitioners and defendants, Tab E contains the order of the Sixth Circuit. On the first factor, the Sixth Circuit concluded that petitioners had demonstrated a substantial possibility of success on the merits of their claims that the Rule neither complies with the Supreme Court's decision in *Rapanos v. United States*, 547 U.S. 715 (2006) nor with the notice-and-comment requirements of the Administrative Procedure Act. *In re EPA*, 803 F.3d 804, 807 (6th Cir. 2015).

On the harm factors, the Court was persuaded that due to the burden "potentially visited nationwide on governmental bodies, state and federal, as well as private parties—and the impact on the public in general, implicated by the Rule's effective redrawing of

jurisdictional lines over certain of the nation's waters. . . .[T]he ripple effects caused by the Rule's definitional changes counsels strongly in favor of maintaining the status quo for the time being." *Id*. at 808. As the declarations presented with this Motion[1] and those of *amici* demonstrate, the burden for the government, private parties, and public has not changed. This Court should reach the same conclusion that the Sixth Circuit did.

**(b) Just as when plaintiffs presented their case to the Sixth Circuit, the four factors for injunctive relief are met here.**

As discussed more fully in the States' Memorandum of Law accompanying its 2015 Motion for Preliminary Injunction (Dkt. 16-5), the first factor is met because States will likely prevail on the merits of their rule challenge. The Agencies violated their grant of authority by Congress, failed to comply with the Administrative Procedure Act, and violated the 10th Amendment and the Clear Statement Cannon. See Dkt. 16-5 at pp. 11-19. The rule is arbitrary and capricious by too broadly defining what constitutes a navigable water. 5 U.S.C. § 706(2)(a). The Rule conflates waters described in the scientific literature with a broader category of waters defined as "tributaries" and it arbitrarily establishes geographic jurisdictional distances.

Furthermore, the Rule violates State sovereignty and the Clear Statement Canon by increasing control over traditionally state-regulated waters of between 2.84 and 4.65 percent. 80 Fed. Reg. 37,101. This is an unlawful encroachment upon the rights of states to regulate within their borders. U.S. Const., amend. X.

[1] Attached as Exhibits 1-3.

As to the harm factors, the States and others are certainly facing irreparable harm, including to their sovereignty. See Dkt. 16-5 at pp. 19-21 and Declarations of States and Amici, exhibits to this Motion. While the States face harm, the Agencies face little. See Dkt. 16-5 at pp. 21-22. Indeed, as the promulgation of the Applicability Rule indicates, the Agencies are content for the Rule to be on hold for two years. The harm to the States is great, to the Agencies little—a textbook case for striking the balance in favor of injunctive relief.

And finally, the public interest in maintaining the status quo is just as keen as it was on the day the Rule was promulgated. See Dkt. 16-5 at p. 22. The Rule has been stayed for over two years, with all parties operating without trauma under the pre-2015 rules. This Court should continue to maintain the status quo.

**3. It is appropriate for this Court to issue an injunction of nationwide scope.**

As the Fifth Circuit has explained, federal district courts are vested by the Constitution with the judicial power of the United States, not just the judicial power of the district in which the court sits. *See Texas v. United States*, 809 F.3d 134, 188 n.211 (5th Cir. 2015), *aff'd per curiam by an equally divided court*, 136 S.Ct. 2271 (2016) ("It is not beyond the power of a court, in appropriate circumstances, to issue a nationwide injunction." citations omitted.). This is an appropriate circumstance. The Rule extends nationwide, burdens every governmental body, and reaches businesses whose projects have national scope and who must have national uniformity.

The Sixth Circuit understood that the Rule must be stayed nationwide to avoid a piecemeal approach. As the Sixth Circuit recognized, one district court has already issued

a preliminary injunction for the 13 states that were parties in that court. *See North Dakota v. U.S. E.P.A.*, 127 F. Supp. 3d. 1047 (D. N.D. 2015) (staying Rule in North Dakota, Alaska, Arizona, Arkansas, Colorado, Idaho, Missouri, Montana, Nebraska, Nevada, South Dakota, Wyoming, and New Mexico). To have a piecemeal approach, with the Rule effective some places but not others, is antithetical to a national Rule enacted by our national Congress pursuant to our national Clean Water Act and implemented by the engineering Corps of our national Army.

**4. New rule-making begun since the Sixth Circuit issued its stay does not change the need for a stay from this Court. The States continue to be at risk of harm.**

The Agencies and Intervenors urge that due to a recently promulgated rule ("Applicability Rule") setting a new applicability date for the Rule[2] and ongoing rulemaking proposing to replace the Rule[3], the Court need not and should not grant the States' equitable relief. Dkt. 72 (Intervenors' Motion to Hold in Abeyance), Dkt. 73 (Intervenors' Response to the Motion to Reopen), and Dkt. 74 (Agencies' Opposition to Motion to Reopen).

The Agencies and Intervenors are wrong. The Applicability Rule may be cumulative in effect to a nationwide injunction, but it is not a replacement for the equitable powers of the courts. And because it is—inevitably—subject to legal challenge, the Applicability Rule is in such an uncertain posture that the Court should not consider it as providing the relief that the States need. Indeed, the Intervenors themselves have told the Court and the country that they will challenge the Applicability Rule. *See* Dkt. 72 and

[2] "Definition of 'Waters of the United States'—Addition of an Applicability Date to 2015 Clean Water Rule." 83 Fed. Reg. 5,200 (Feb. 6, 2018).

[3] "Definition of 'Waters of the United States'—Recodification of Pre-Existing Rules." 82 Fed. Reg. 34,899 (July 29, 2017).

Press Release, Lacey McCormick, Nat'l Wildlife Fed'n, Trump Administration Undermines Clean Water Protections (Jan. 31, 2018) (Exhibit 4); Coral Davenport, *E.P.A. Blocks Obama-Era Clean Water Rule,* N.Y. Times (Jan. 31, 2018), https://www.nytimes.com/2018.01/31/climate/trump-water-wotus.html (Exhibit 5). And it seems that they will be joined by others. *See* Press Release, New York Attorney General, A.G. Schneiderman: I Will Lead Multistate Lawsuit to Protect Clean Water (Feb. 1, 2018) (Exhibit 6).[4] Undoubtedly, these challenges will include a request for an injunction enjoining the effectiveness of the Applicability Rule.

The Intervenors' request for an extra two weeks to respond to the States' Motion for a Preliminary Injunction is part of a greater effort to deprive the States, through the operation of various timing constraints, of protection from any corner: the Sixth Circuit's stay, a preliminary injunction from this Court, or the Agencies' rule-making. As already described, the Intervenors plan to challenge the Agency rulemaking delaying the effective date of the rule. And the extra two weeks that Intervenors seek—to brief issues already fully briefed in the Sixth Circuit—would put the injunction hearing on February 23, the last day that the Sixth Circuit stay will be in effect.

The Agencies echo the Intervenors, claiming that the States have no harm *right now* because the Sixth Circuit stay is in place until February 23. And the Intervenors optimistically relate that the States can always try for an injunction again when the Intervenors have the Applicability Rule stayed and the Rule implemented. Neither the States nor this Court should be forced to walk so close to the edge and risk leaving the States and private parties unprotected.

---

[4] The challenges began while this Motion was being prepared. (Exhibit 7).

Moreover, even if the Applicability Rule survives the Intervenors' attack, the two-year period is not necessarily enough protection for the States. Indeed, even if the Applicability Rule went into effect without challenge from Intervenors, the States still face risk of irreparable injury because two years is the best educated guess by the Agencies as to how long it will take them to finish a new WOTUS Rule. Two years is not necessarily enough. The Applicability Rule will be challenged and will go up on appeal. The new WOTUS Rule will be challenged and will go up on appeal. As the Chief Justice has noted "[i]t takes time to decide a case on appeal. Sometimes a little; sometimes a lot. 'No court can make time stand still' while it considers an appeal." *Nken v. Holder*, 556 U.S. 418 (2009). No court can stop time, but a court can, may—and this Court should—do the next best thing: issue an injunction.

**CONCLUSION**

After extensive briefing and careful analysis, the Sixth Circuit concluded that the States were likely to prevail on the merits and that a nationwide stay of the Rule was necessary. This Court should reach the same conclusion and grant the States' request for a nationwide preliminary injunction enjoining the effectiveness, implementation, and enforcement of the Rule.

Dated: February 6, 2018

Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

PRISCILLA M. HUBENAK
Chief, Environmental Protection Division

*/s/ Linda B. Secord*
LINDA B. SECORD
Assistant Attorney General
Texas State Bar No. 17973400
Linda.Secord@oag.texas.gov

Office of the Attorney General of Texas
Environmental Protection Division
P.O. Box 12548, MC-066
Austin, Texas 78711-2548
*Tel.* (512) 475-4002
*Fax.* (512) 320-0911

**ATTORNEYS FOR STATE OF TEXAS, TEXAS DEPARTMENT OF AGRICULTURE, TEXAS COMMISSION ON ENVIRONMENTAL QUALITY, TEXAS DEPARTMENT OF TRANSPORTATION, TEXAS GENERAL LAND OFFICE, RAILROAD COMMISSION OF TEXAS, and TEXAS WATER DEVELOPMENT BOARD**

JEFF LANDRY
Attorney General of Louisiana

*/s/ Elizabeth B. Murrill*
ELIZABETH B. MURRILL (La #20685)
Solicitor General
murrille@ag.louisiana.gov

MICHELLE M. WHITE (La #26988)
Assistant Attorney General
whitemi@ag.louisiana.gov

Louisiana Department of Justice
P.O. Box 94005
1885 N. Third Street
Baton Rouge, Louisiana 70804
*Tel.* (225) 326-6766
*Fax.* (225) 326-6099

**ATTORNEYS FOR STATE OF LOUISIANA**

JIM HOOD
Attorney General of State of Mississippi

*/s/ Mary Jo Woods*
MARY JO WOODS
Special Assistant Attorney General
Miss. Bar No. 10468
Mississippi Attorney General's Office
Post Office Box 220
Jackson, Mississippi 39205
Phone: (601) 359-3020
Facsimile: (601) 359-2003
Email: mwood@ago.state.ms.us

**ATTORNEYS FOR STATE OF MISSISSIPPI**

**CERTIFICATE OF CONFERENCE**

In accordance with Local Rule 7.1.D and Court Procedure 6.C.2, counsel for plaintiffs certifies that they have conferred with counsel for the Agencies and counsel for Intervenors and determined that both are opposed to this Motion.

*/s/ Linda B. Secord*
LINDA B. SECORD

**CERTIFICATE OF SERVICE**

I certify that on February 6, 2018, a copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on all attorneys in this case.

*/s/ Linda B. Secord*
LINDA B. SECORD